

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

(Pursuant to 42 U.S.C. § 1983)

## INTRODUCTORY STATEMENT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to address the violation of Plaintiff Luis Miranda's constitutional rights under the Fourteenth Amendment. The Plaintiff alleges that, while acting under color of state law, the Defendant unlawfully suspended his driver's license and vehicle registration without providing constitutionally required notice or a meaningful opportunity to contest the action in advance.

As a result of this deprivation, Plaintiff suffered the loss of employment, significant economic hardship, and long-term instability, directly impairing his ability to provide for his family. This lawsuit is brought against Michele Cristello, in her official capacity as Deputy Commissioner of the Child Support Enforcement Division, for abuse of authority resulting in damages totaling $2.1 million. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief, along with any other remedy the Court deems appropriate.

## PARTIES

1. **Plaintiff Luis Miranda** is a resident of the Commonwealth of Massachusetts. Plaintiff was subject to enforcement actions by the Massachusetts Department of Revenue, Child Support Enforcement Division ("CSE"), based on a court judgment that specified Plaintiff's outstanding support obligations would be satisfied through the overpayment of prior child support payments.

2. **Defendant Commonwealth of Massachusetts**, acting through its agencies and agents, including the Department of Revenue (DOR) and the Massachusetts Registry of Motor Vehicles (RMV), was at all relevant times responsible for enforcing child support obligations and regulating motor vehicle privileges. Defendant acted under color of state law in carrying out the actions described herein.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district, and Defendant resides in this district.

## FACTUAL ALLEGATIONS

5. In June 2023, Plaintiff received two separate notices from the RMV indicating that both his driver's license and vehicle registration would be suspended due to an alleged delinquency in child support obligations.

6. The first notice, attached hereto as **Exhibit A**, failed to inform Plaintiff of any right to a hearing prior to the license suspension. It offered only post-deprivation remedies, such as

reinstatement procedures, and did not provide any means to challenge the suspension before it was implemented.

7. The second notice, dated June 20, 2023, and attached hereto as **Exhibit B**, informed Plaintiff that his vehicle registration would be suspended effective June 30, 2023. Like the first notice, it failed to provide an opportunity for Plaintiff to be heard before the suspension.

8. These notices were issued pursuant to Massachusetts General Laws Chapter 119A, § 16(b), which authorizes license suspensions for nonpayment of child support. However, this statute contains no provision authorizing the suspension of vehicle registrations. The RMV's action in suspending Plaintiff's vehicle registration therefore exceeded its statutory authority.

9. Between June 21 and June 29, 2023, Plaintiff contacted the CSE multiple times in a good faith effort to resolve the issue and prevent the suspension. During these communications, Plaintiff explicitly requested a pre-deprivation hearing and was informed that CSE did not handle RMV hearings. He was instructed only to remit payment and follow up afterward.

10. Plaintiff's request for a pre-suspension hearing was denied, and both his driver's license and vehicle registration were suspended without providing a meaningful opportunity to

contest the enforcement actions or the alleged delinquency.

11. In a further effort to demonstrate good faith, Plaintiff borrowed $480.00 from his brother and mailed a money order to the CSE. A copy of the endorsed money order and receipt confirmation, showing that payment was received and processed, is attached hereto as **Exhibit C**.

12. Despite this payment, Plaintiff's license remained suspended, and he was never provided any opportunity to challenge the suspension or the underlying basis for it. Defendant's actions deprived Plaintiff of protected property interests without due process.

## CLAIM FOR RELIEF

**Violation of Procedural Due Process (Fourteenth Amendment, U.S. Constitution)**
**42 U.S.C. § 1983**

13. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

14. The Due Process Clause of the Fourteenth Amendment guarantees that no person shall be deprived of life, liberty, or property without due process of law.

15. Plaintiff had a constitutionally protected property interest in his driver's license and vehicle registration. The suspension of these privileges constitutes a deprivation that

requires due process protections under the law.

16. *Bell v. Burson,* the Supreme Court ruled that due process under the Fourteenth Amendment requires a meaningful hearing before the State can suspend a driver's license, particularly when that suspension is based on an unresolved question of fault for an accident.

    (1) Notice of the proposed action;

    (2) An opportunity to be heard at a meaningful time and in a meaningful manner; and

    (3) Balancing the Individual's Interest Against the Government's Interest, Taking Into Account the Risk of Erroneous Deprivation

17. Due process requires more than a formal opportunity to contest the action; it demands a hearing that is meaningful in context. In *Bell,* the Court held that where the driver's fault is a prerequisite to suspension, the hearing must address the issue of fault and must occur before the license is suspended. A hearing that ignores fault would be constitutionally inadequate.

18. Defendant failed to provide Plaintiff with constitutionally adequate notice or a pre-deprivation hearing, in violation of the *Mathews* test (*Mathews v. Eldridge* 1976), and long standing constitutional requirements.

19. Additionally, the U.S. Department of Justice, Office for Access to Justice, issued a memorandum dated April 20, 2023 (attached hereto as **Exhibit D**), which emphasized that civil enforcement actions such as driver's license suspensions for unpaid obligations

must afford affected individuals proper notice and a meaningful opportunity to be heard before such actions take effect.

20. Defendant's failure to follow these procedural safeguards constitutes a systemic and ongoing violation of Plaintiff's due process rights.

21. As a result of these constitutional violations, Plaintiff suffered harm, including economic losses, emotional distress, and the deprivation of his right to operate a vehicle legally.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the suspension of Plaintiff's driver's license and vehicle registration without prior notice and an opportunity to be heard violates the Due Process Clause of the Fourteenth Amendment;

B. Issue a preliminary and permanent injunction enjoining Defendant from enforcing such suspensions without first providing procedural due process;

C. Order the reinstatement of Plaintiff's driver's license and vehicle registration;

D. Award Plaintiff compensatory damages in an amount to be determined at trial;

E. Award punitive damages for Defendant's willful and reckless disregard of Plaintiff's constitutional rights;

F. Grant such other further relief as the Court deems just and proper.

Dated: June 09, 2025

Respectfully, submitted
/s/ Luis Miranda
Luis Miranda
*Pro Se* Plaintiff
1v8psalm@protonmail.com
